## SAM EDWARDS *v.* THE STATE.

ASSAULT WITH INTENT TO MURDER. — See the opinion for statement of a case, under a prosecution for assault with intent to murder, in which the law of self-defence should have been given in charge by the court, in addition to the law on assault with intent to murder.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

The opinion discloses the case.

*Ogden & Ogden,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, J. The appeal in this case is from a judgment of conviction for an assault with intent to murder one Albert Johnson.

Jack Merritt, the only witness who was present at the time, and saw the shooting, said: "Defendant and myself were mounted and riding side by side together, — defendant on the side towards the barn. As we got to the barn, where Johnson was standing, I was looking at the time from the direction of the barn, when I heard defendant cry out, 'Shoot, or put down your gun.' I then looked round and saw Al Johnson with his gun raised up to his face and pointing at defendant, and when I looked around Al Johnson was pointing his gun at both of us. Defendant then jumped

from his horse and grabbed my six-shooter from my side, and commenced firing. . He fired four shots in rapid succession at Al Johnson. Al Johnson snapped his gun twice at defendant. * * * I can't tell if Johnson snapped his gun before I looked around. I only know he had it up to his face, pointing at defendant, when I looked around and did see him snap. I cannot tell whether it was before or after defendant fired, as the snapping and firing were so near together.''

This witness had previously stated that the defendant was unarmed until he jumped down and grabbed his (witness's) pistol.

In the charge to the jury, the court simply submitted the law applicable to an assault with intent to murder. Under the facts as above detailed, the court should also have charged the law of self-defence.

In *Williams* v. *The State*, 2 Texas Ct. App. 271, this court held that, '' under our Code, when an unlawful attack is made upon a defendant, and the attack is of such a nature that the defendant has reasonable grounds to believe that he is in immediate and impending danger of being murdered or maimed by his assailant, he is justifiable in killing his assailant when, at the time of the killing, some act has been done by the deceased showing evidently an intention to commit such offence ; and the defendant in such case may act promptly, without resorting to other means before killing his assailant, because in such case the law presumes the party's safety depends upon his prompt action in killing his assailant.'' Pasc. Dig., art. 2226 ; *Lister* v. *The State*, 3 Texas Ct. App. 17 ; *Wasson* v. *The State*, 3 Texas Ct. App. 474. The law of self-defence, as here stated in cases of homicide, is the same in assaults with intent to murder ; for, if it would not have been murder if death had resulted, it could not be assault with intent to murder, under the same circumstances, where a homicide was not committed.

For error of the court in failing to charge the law applicable to the facts of the case, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*